UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                   Plaintiff,

         v.

WORLD INFORMATION TECHNOLOGY, INC.,
GARY MORGAN, IRA DICAPUA, AND
STEVEN SIRIANNI,

                   Defendants.
------------------------------------------------------------------x

06 CV 13181 (VM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-2-07

## DEFAULT JUDGMENT AND ORDER AS TO DEFENDANTS WORLD INFORMATION TECHNOLOGY, INC. AND GARY MORGAN

The Court, having reviewed Plaintiff's Application for Entry of Judgment by Default Against Defendants World Information Technology, Inc. and Gary Morgan, and for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     The Application is GRANTED.

2.     Defendants World Information Technology, Inc. ("World Information") and Gary Morgan, their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3. Defendants World Information and Morgan, their respective agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

4.  Defendant World Information, its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. 240.12b-20, 240.13a-1, and 240.13a-13] by:

   (a)  failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

   (b)  filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statement, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

5.  Defendant Morgan, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. 240.12b-20 and 240.13a-13] by knowingly providing substantial assistance to

an issuer that violates Section 13(a) of the Exchange [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-13 [17 C.F.R. 240.12b-20 and 240.13a-13] by:

 (a) failing to file with the Commission any report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)], and the rules and regulations promulgated thereunder; or

 (b) filing with the Commission a report required to be filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. §78m(a)] and the rules and regulations promulgated thereunder that (1) contains untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statement, in light of the circumstances under which they are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

6. Defendant Morgan, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Rule 13a-14 of the Exchange Act [17 C.F.R. 240.13a-14] by, directly or indirectly, failing to include certifications in annual and quarterly reports in the form required by the Rule or by including certifications that are false.

7. Defendant Morgan, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by

personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

8.    Defendant Morgan, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, while directly or indirectly

the beneficial owner of more than five percent of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], failing to file timely with the Commission a statement containing the information required by Schedule 13D and to file promptly amendments disclosing material changes to facts set forth in Schedule 13D, in violation of Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 promulgated thereunder [17 C.F.R. 240.13d-1 and 240.13d-2].

9. Defendant Morgan, his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, while directly or indirectly the beneficial owner of more than ten percent of any class of any equity security which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or while a director or officer of the issuer of any such security, failing to file timely with the Commission the required form(s) accurately reporting (1) his beneficial ownership of the issuer's securities once he becomes director, officer, or beneficial owner of more than ten percent of such securities, and (2) changes in his beneficial ownership, in violation of Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 promulgated thereunder [17 C.F.R. 240.16a-3].

10. Defendant Morgan, pursuant to Section 20(e) of the Securities Act [15 U.S.C. §77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

11. Defendant Morgan is liable for disgorgement of $866,710.30, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $176,360.22, and a civil penalty in the amount of $110,000 pursuant to Sections 20(d) of the Securities Act [15 U.S.C. § 77 t(d)] and 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $1,153,070.52 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary Morgan as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Sheldon Mui, Esq., 3 World Financial Center, Suite 4300, New York, New York 10281. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. Defendant relinquishes all legal and equitable right, title, and interest in such payments, and no part of the funds shall be returned to Defendant. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

12. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment and Order.

13. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1 May, 2007
New York, New York

UNITED STATES DISTRICT JUDGE
Victor Marrero